OPINION
{¶ 1} Arthur Askew is appealing the Montgomery County Common Pleas Court's denial of his pre-sentence motion to withdraw his guilty plea.
 {¶ 2} On August 12, 2000, three individuals entered Robbie Brown's residence in Trotwood, Ohio and fired gunshots. After a car chase, Askew, Anthony Hart, and Tommy Lee Nichols were arrested and indicted. Askew was indicted for aggravated burglary with a firearm specification, six counts of felonious assault with firearm specifications, and obstructing justice.[1]
 {¶ 3} On December 3, 2002, Askew and the State reached a plea agreement wherein he pled guilty to aggravated burglary and the State dropped the remaining counts. The plea also included an agreed sentence of three years imprisonment to be served concurrently with a federal sentence. On March 5, 2003, Askew filed a motion to withdraw his guilty plea. A hearing on the motion was held on June 5, 2003. The motion was overruled on August 18, 2003, and the agreed sentence was later imposed. Askew has filed this appeal, raising the following assignment of error.
 {¶ 4} "The trial court erred in failing to grant appellant's motion to withdraw his plea of guilty."
 {¶ 5} Askew argues that the trial court's denial of his motion to withdraw was an abuse of discretion because the court did not assign proper weight to factors it considered. We disagree.
 {¶ 6} A presentence motion to withdraw a guilty plea should be liberally allowed. State v. Kordelewski (Mar. 8, 1996), Montgomery App. No. 15425. However, a defendant does not have an absolute right to withdraw his plea prior to sentencing. Statev. Xie (1992), 62 Ohio St.3d 521, 527. A trial court must hold a hearing on the motion to determine if a reasonable and legitimate basis exists for the withdrawal. Id. Yet, the decision to grant or deny the motion is within the court's discretion. Id. Generally, denials of pre-sentence motions to withdraw pleas have been upheld even if the accused was mistaken as to an aspect of the plea's consequences. State v. Drake (1991),73 Ohio App.3d 640, 646; State v. Sabatino (1995), 102 Ohio App.3d 483, 486.
 {¶ 7} On appeal, a court will reverse a trial court's denial of a pre-sentence motion to withdraw a guilty plea only upon a finding of an abuse of discretion. State v. Peterseim (1980),68 Ohio App.2d 211, 213-214. An abuse of discretion occurs where the trial court's ruling is unreasonable, arbitrary, or unconscionable. Xie, supra; Peterseim, supra. In State v.Barnett (1991), 73 Ohio App.3d 244, 250, quoting Peterseim,
supra, we stated:
 {¶ 8} "A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim. R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request."
 {¶ 9} Askew concedes he was represented by competent counsel, given a full Crim.R. 11 hearing, and provided with a complete and impartial hearing on the motion. Due to this concession, we need only determine if the court gave full and fair consideration to Askew's request.
 {¶ 10} When conducting the hearing on the motion to withdraw, the trial court may consider:
 {¶ 11} "(1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw, * * * [5] whether the timing of the motion was reasonable; [6] the reasons for the motion; [7] whether the defendant understood the nature of the charges and potential sentences; and [8] whether the accused was perhaps not guilty or had a complete defense to the charge." State v. Cuthbertson (2000), 139 Ohio App.3d 895,898-899.
 {¶ 12} At the hearing, Robbie Brown and her son testified. The son testified Nichols had stated that the Browns deserved what happened to them because of what Brown's cousin had done to Nichols. Although Nichols did not admit he was the shooter, Brown's son believed he was. The son also stated he had told this information to either a police officer or a prosecutor. Brown testified she told a prosecutor about Nichols's statements and her belief that he was the shooter. However, Brown did not mention the statements when she testified at a co-defendant's hearing because prosecutors had told her it was hearsay.
 {¶ 13} In its decision, the trial court applied the evidence to the Cuthbertson factors. The court found that the first and fifth factors favored granting Askew's motion because the State was not prejudiced by the plea withdrawal and the motion was filed in a timely manner. The court assigned greater weight to the first factor and lesser weight to the fifth factor. The second, third, sixth, and seventh factors were determined to weigh against the motion. The court granted greater weight to third and seventh factors as Askew had an extensive Crim.R. 11 plea hearing and had demonstrated that he understood the nature of the charges and the potential sentences. Little weight was given to the second and sixth factors. Along with the fourth factor, the eighth factor was determined to be neutral because the evidence was not exculpatory.
 {¶ 14} Askew argues the trial court abused its discretion in applying the evidence to the Cuthbertson factors. In particular, Askew disagrees with the court's conclusion that the evidence was not exculpatory and, therefore, did not weigh in favor of the motion. Askew argues the sixth and eighth factors should have been weighed in his favor and given the greatest weight. Further, he argues the court should have found the State withheld documents regarding Brown and her son's statements. Also, Askew contends more weight should have been given to the first factor and less weight to the third and seventh factors.
 {¶ 15} Even though Askew may disagree with the trial court's application of the evidence to the factors, the court gave full and fair consideration to his motion. The trial court considered Brown and her son's testimony that Nichols had made incriminating statements. However, this testimony did not exculpate Askew. The court noted Askew could still be guilty of aggravated burglary, even if he was only a complicitor. Moreover, Brown and her son never saw their assailants and their belief in Askew's innocence was merely opinion not exculpatory evidence. We cannot say the court's determination was unreasonable, arbitrary, or unconscionable. The court's weighing of factors reveals the court fully and fairly considered Askew's motion.
 {¶ 16} Further, the court considered Askew's allegation that the State withheld evidence. The evidence revealed the State did not have any affidavits from Brown or her son. Also, Askew was free to contact Brown or her son since their names appeared on the State's witness list. The court found no misconduct by the State.
 {¶ 17} As to the first, third, and seventh factors, the court conducted an analysis of the plea hearing, determined that Askew understood the charges and the potential sentences, and concluded that the State was not prejudiced by the withdrawal. Although the court may not have given the factors the weight Askew desired, the record demonstrates the court fully and fairly considered his motion to withdraw. Because the trial court satisfied the test adopted in Barnett, the court did not abuse its discretion in denying this motion. Askew's assignment of error is without merit and is overruled.
 {¶ 18} The judgment of the trial court is affirmed.
Fain, J., and Grady, J., concur.
[1] This was Askew's second indictment arising from the incident as the original indictment was nolled.