OPINION
{¶ 1} Defendant, Darrell Donaldson, appeals from his conviction and sentence for domestic violence.
 {¶ 2} During an argument between Defendant and his wife at their home, Defendant grabbed his wife by the neck, choked her, and threw her down on the bed. As a result, Defendant *Page 2 
was indicted on one count of domestic violence, R.C. 2919.25(A), a felony of the fourth degree because of Defendant's previous conviction for that same offense. As part of a plea bargain, Defendant entered a plea of guilty to the domestic violence charge in exchange for the State's recommendation of community control with mandatory treatment or, in the alternative, an eleven month prison sentence.
 {¶ 3} Prior to being sentenced Defendant filed a motion to withdraw his guilty plea. Defendant claimed that because his father had recently passed away, and because shortly before he came to court to enter his guilty plea he was served with divorce papers, temporary protection orders, and told he was going to be arrested on an outstanding capias, he was distracted and not in a stable frame of mind at the time he entered his plea, and therefore his guilty plea was not knowing, intelligent and voluntary. Following a hearing the trial court overruled Defendant's motion to withdraw his guilty plea, finding that Defendant had not demonstrated a reasonable and legitimate basis for the withdrawal. The trial court sentenced Defendant to eleven months in prison.
 {¶ 4} Defendant timely appealed to this court, challenging the trial court's decision denying his motion to withdraw his guilty plea. *Page 3 
 FIRST ASSIGNMENT OF ERROR
 {¶ 5} "THE TRIAL COURT ERRED IN DENYING MR. DONALDSON'S MOTION TO WITHDRAW HIS PLEA."
 {¶ 6} A defendant's motion to withdraw a guilty plea, made before sentencing, should be freely and liberally granted, provided the movant demonstrates a reasonable and legitimate basis for the withdrawal.State v. Xie (1992), 62 Ohio St.3d 521. However, a defendant does not have an absolute right to withdraw his plea prior to sentencing.Id. A trial court must hold a hearing on the motion to determine if a reasonable and legitimate basis exists for the withdrawal. Id. The decision whether to grant or deny a presentence request to withdraw a guilty plea is a matter resting within the trial court's sound discretion. Id. Such decisions will not be disturbed on appeal absent a showing that the trial court abused its discretion; that is, acted in an unreasonable, arbitrary, unconscionable manner. Id.
 {¶ 7} No abuse of discretion in denying a pre-sentence motion to withdraw a guilty plea is demonstrated where: (1) the accused is represented by highly competent counsel, (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before entering the plea, (3) after the motion to withdraw is filed the accused is given a complete and impartial hearing *Page 4 
on the motion, and (4) the record reveals that the trial court gave full and fair consideration to the plea withdrawal request. State v.Peterseim (1980), 68 Ohio App.2d 211. A "change of heart" is not sufficient justification to permit withdrawal of a guilty plea.State v. Lambrose (1988), 44 Ohio App.3d 102; State v. Landis (Dec. 6, 1995), Montgomery App. No. 15099.
 {¶ 8} In State v. Askew, Montgomery App. No. 20110, 2005-Ohio-4026, at ¶ 10-11, this court noted that in conducting the hearing on the motion to withdraw the plea the trial court may consider:
 {¶ 9} "(1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw, * * * [5] whether the timing of the motion was reasonable; [6] the reasons for the motion; [7] whether the defendant understood the nature of the charges and potential sentences; and [8] whether the accused was perhaps not guilty or had a complete defense to the charge."
 {¶ 10} In determining whether Defendant entered a knowing, intelligent and voluntary guilty plea, we must examine the colloquy between Defendant and the trial court during the plea *Page 5 
hearing to determine whether the trial court complied with Crim.R. 11(C)(2) in accepting Defendant's guilty plea. State v. Stone (1975), 43 Ohio St.2d 163; State v. Kelley (1991), 57 Ohio St.3d 127. The record of Defendant's plea proceeding amply demonstrates that he was advised about and indicated that he understood all of the constitutional rights he would be giving up by entering his guilty plea, as well as the non-constitutional implications of his plea including the nature of the charges against him and the maximum penalty involved. The record demonstrates that the trial court complied with Crim.R. 11(C)(2) in accepting Defendant's guilty plea.
 {¶ 11} Nevertheless, Defendant claims that at the time he entered his guilty plea he was distracted and not listening or paying attention to the plea proceeding sufficiently to understand what was going on because (1) he was going to be arrested on an outstanding capias for violating a temporary protection order, (2) his wife had him served with divorce papers just before he entered the courtroom to enter his plea, and (3) his father had recently passed away.
 {¶ 12} At the hearing held on Defendant's motion to withdraw his plea, Defendant admitted on cross-examination that his father had passed away three months before he entered his plea, that he knew his wife wanted to divorce him before *Page 6 
he entered his plea, and that he knew the temporary protection orders were in place well before he entered his plea. Defendant had discussed with his attorney his violation of those protection orders and the impact, if any, of that upon his plea, before he entered his plea. Furthermore, Defendant acknowledged that he made the decision to enter a guilty plea in this case before April 28, 2006, the day he actually entered his guilty plea. Defendant's foreknowledge about these emotionally charged circumstances that surrounded him at the time he entered his guilty plea lessens whatever impact, if any, they might otherwise have upon his decision whether to plead guilty. We also note that Defendant indicated during cross-examination that he felt he should get probation without being required to complete a treatment program.
 {¶ 13} During the plea hearing Defendant acknowledged that his attorney had gone over the plea form with him, that he fully understood everything in it, and that he was entering his plea voluntarily. That is consistent with the representations in the plea form that Defendant executed and signed. In overruling Defendant's motion to withdraw his plea, the trial court observed that during the plea hearing Defendant answered all questions appropriately and without any indication of misunderstanding, and executed all documents in *Page 7 
appropriate fashion, and for that reason the court was giving very little weight to Defendant's claim that he wasn't listening or paying attention during the plea hearing. The court concluded that Defendant had failed to demonstrate a legitimate and reasonable basis for withdrawing his guilty plea.
 {¶ 14} The record before us demonstrates that Defendant was represented by competent counsel during the trial court proceedings, that he was afforded a full hearing before entering his guilty plea at which the trial court complied with Crim.R. 11(C)(2) in accepting Defendant's guilty plea, that Defendant was afforded a complete and impartial hearing on his motion to withdraw his guilty plea, and that the trial court gave full and fair consideration to Defendant's plea withdrawal request but rejected it because Defendant failed to demonstrate a reasonable and legitimate basis for the withdrawal. Under those circumstances, there is no abuse of discretion by the trial court in denying Defendant's motion to withdraw his guilty plea.Peterseim. That is especially true here because the record strongly suggests that the real reason Defendant wanted to withdraw his plea was due to a "change of heart" brought about by Defendant's concern that rather than simply receiving probation he would be required to complete *Page 8 
mandatory treatment programs.
 {¶ 15} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed.
DONOVAN, J. And VALEN, J., concur.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1