[Cite as *State v. Guerra*, 2016-Ohio-5647.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2015-CA-28 |
| | : | |
| v. | : | Trial Court Case No. 15-CR-144 |
| | : | |
| FRANCISCO S. GUERRA, SR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of September, 2016.

. . . . . . . . . . .

ANTHONY E. KENDELL, by PAUL M. WATKINS, Atty. Reg. No. 0090868, Miami County
Prosecutor's Office, 201 West Main Street, Troy, Ohio 45373
  Attorney for Plaintiff-Appellee

DAVID J. FIERST, Atty. Reg. No. 0043954, 2533 Far Hills Avenue, Dayton, Ohio 45419
  Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Francisco S. Guerra, Sr. appeals from his conviction and sentence for Failure
to Give Notice of Change of Address or to Register, a third degree felony. Guerra's
appellate counsel has filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct.

1396, 18 L.Ed.2d 493 (1967), indicating that this appeal is frivolous and requesting permission to withdraw. Guerra's appellate counsel stated in the *Anders* brief that he could not formulate any potential assignment of error. By order filed on March 2, 2016, we informed Guerra that an *Anders* brief had been filed and advised him of both his right to file his own brief assigning any errors for review and the time limit to do so. Guerra did not file a pro se brief.

**The Facts and Course of Proceedings**

{¶ 2} In 2006, Francisco Guerra, Sr. was convicted of Gross Sexual Imposition. Due to that conviction, Guerra is required under R.C. 2950.05(A)(F)(1) to give notice of a change of address to a sheriff pursuant to the statute. The statute requires a sexually oriented offender to give written notice of an address change at least 20 days prior to the changing of the offender's residence. It is alleged that from on or about January 10, 2015 to on or about February 25, 2015, Guerra recklessly failed to comply with this requirement.

{¶ 3} On March 31, 2015, Guerra was indicted for Failure to Give Notice of Change of Address or Registration of New Address pursuant to R.C. 2950.05(A)(F)(1). At his arraignment hearing on April 9, 2015, Guerra entered a plea of not guilty. Subsequently, on May 28, 2015, Guerra withdrew his former plea of not guilty and entered a plea of guilty to the charge.

{¶ 4} At the plea hearing, Guerra's counsel informed the trial court that in exchange for the change in plea, the State agreed to recommend a 12 month sentence, with a stipulation of 66 days jail time credit. Counsel also informed the trial court that Guerra had waived the pre-sentence investigation and wished to proceed directly to sentencing. Prior to executing the plea, Guerra's counsel informed the trial court that Guerra was on

medication for a heart condition (NitroStat) and necessitated repetition at times, however he was confident and comfortable that Guerra understood the proceedings.

{¶ 5} The court advised Guerra of the constitutional rights he was waiving by his guilty plea, made certain the medication did not affect his understanding, and clarified that his plea was voluntary. The court advised Guerra his guilty plea was a complete admission of committing the offense, to which he agreed. Guerra also stated that his counsel had answered any and all questions he had. Our review of the record reveals that the trial court complied with Crim. R. 11 at the plea hearing.

{¶ 6} The trial court advised Guerra the maximum penalty for his charge was 36 months, plus a $10,000 fine. Ultimately, the court imposed the jointly recommended sentence of 12 months and granted Guerra the 66 days of jail time credit. The court elected not to impose a fine on Guerra. Guerra was ordered to pay court costs. After disclosing the sentence imposed, the trial court informed Guerra of the possibility of a discretionary three year post-release control term after his sentence and the consequences of violating PRC.

**Potential Assignments of Error**

{¶ 7} In his brief, appellate counsel does not identify any potential assignments of error for our consideration. Counsel does mention that there was an agreed upon sentence, which the trial court ultimately imposed. Further, he states that there was no evidence at the plea hearing that Guerra misunderstood his rights or that the trial court did not adequately advise him of his constitutional rights.

{¶ 8} After an independent review of the record, including the transcripts of the arraignment, plea, and sentencing hearings, we find no non-frivolous issues for review.

**Pre-trial Motions**

**{¶ 9}** Initially, we note that by entering a voluntary guilty plea while represented by competent counsel, Guerra waived his right to appeal all nonjurisdictional defects in prior stages of the proceedings. *State v. Turner*, 2d Dist. Montgomery No. 6981, 1981 WL 2549 (Sept. 25, 1981), citing *Crockett v. Haskins*, 372 F.2d 475 (6th Cir. 1966).   We find no non-frivolous issues relating to the trial court proceedings prior to Guerra's plea.

**Plea**

**{¶ 10}** Next, the record supports that the trial court properly obtained a knowing, intelligent, and voluntary guilty plea from Guerra.

**{¶ 11}** There is no evidence within the record that suggests the trial court did not comply with the plea guidelines set forth in Crim.R. 11. The trial court properly informed Guerra that he was waiving various constitutional rights defined in Crim.R. 11. The court also properly made certain Guerra understood both the nature of the charges against him and the consequences of the guilty plea. Although Guerra stated during allocution that he is ill and medicated, the record does not reflect that his illness or medication prevented him from understanding the trial court's statements and knowingly and intelligently accepting them. Guerra responded appropriately to all questions asked by the trial court and spoke coherently on his own behalf. We agree with appellate counsel that there is no evidence within the record that suggests Guerra was either confused of the rights he was waiving by pleading guilty or that he misunderstood the gravity of the guilty plea.[1]

---

[1] We note that in Guerra's May 28, 2015 "Petition to Enter Plea of Guilty," Nitrostat was listed as the only medication he had taken in the last seven days, and circled on the plea

{¶ 12} During the plea hearing, the trial court also properly informed Guerra of the possibility of post-release control in accordance with R.C. 2967.28(C). It properly informed Guerra of the potential sanctions that come from a post-release control violation and that it was at the discretion of the Ohio Department of Rehabilitation and Correction to impose post-release control.

{¶ 13} Having thoroughly reviewed the plea hearing, we find no non-frivolous potential assignments of error.

**Sentencing**

{¶ 14} We also find no non-frivolous or meritorious potential assignments of error related to sentencing. First, we have no authority to review a lawful agreed-upon sentence. R.C. 2953.08 states that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Accordingly, an agreed-upon sentence that is authorized by law is simply not subject to review on appeal. *State v. Sergent*, Ohio Sup. Ct. Slip Opinion No. 2016-Ohio-2696, ¶ 28-30. Such an appeal would be frivolous.

{¶ 15} According to the record, the trial court imposed a sentence that was agreed-

form was a statement that "the above listed substances do impair or affect my ability to know and understand the nature and effect of entering my plea." Based on counsel's representation at the plea hearing that Guerra understood everything that counsel had discussed with him, Guerra's sworn testimony in response to the court's direct question that Nitrostat did not in any way impact his understanding of what was going on at the hearing, Guerra's other responses throughout the hearing, and the totality of the entire record, including the agreed-to twelve month sentence, we conclude that any argument predicated on the plea form that Guerra's plea was less than knowing, intelligent, and voluntary would be frivolous.

upon and jointly recommended by both the prosecution and Guerra's counsel. This agreed upon sentence of 12 months was within the allowable sentencing terms of a third degree felony. R.C. 2929.14(A)(3)(b) (stating the prison term for a third degree felony shall be nine, twelve, eighteen, twenty-four, thirty or thirty-six months). There is no reason within the record why this sentence would be classified as contrary to law. Therefore, Guerra's prison sentence falls within the requirements of 2953.08 and is not appealable.

{¶ 16} In addition to the prison sentence imposed, the trial court acted properly by imposing court costs against Guerra, regardless of his indigent status. The Supreme Court of Ohio held that it is not contrary to law for a clerk of courts to collect assessed court costs from an indigent defendant. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393. Therefore, the imposition of court costs upon Guerra was lawful.

{¶ 17} Lastly, the trial court properly informed Guerra that because of this felony three conviction, he is subject to a three-year discretionary term of PRC. The court also properly informed Guerra of the consequences of violating PRC. Finally it properly advised Guerra that it was not up to the trial court to decide the PRC term, but rather, it was the decision of the Ohio Department of Rehabilitation and Correction to impose a discretionary term of PRC.

**Ineffective Assistance of Counsel**

{¶ 18} Finally, we find any claim of ineffective assistance of counsel is also frivolous. First, this court has held that a guilty plea generally "waives the right to allege ineffective assistance of counsel, except to the extent that the errors caused the plea to be less knowing and voluntary*." State v. Storck*, 2d Dist. Clark No. 2014-CA-130, 2015-Ohio-2880, ¶ 9, citing *State v. Spates*, 64 Ohio St.3d 269, 595 N.E.2d 351 (1992). Further,

ineffective assistance of counsel must meet a standard that falls below a standard of "reasonable representation" and that "counsel's performance prejudiced the defense." *State v. Fisher*, 2d Dist. Clark No. 2015-CA-36, 2016-Ohio-601. From the record, we do not find any evidence that counsel failed to meet the standard of reasonable representation. Counsel negotiated with the prosecution in order to obtain an agreed sentence amounting to less than the maximum. Counsel also advocated to the trial court why this agreed sentence was reasonable. Any claims of ineffective assistance of counsel not portrayed in the record must be pursued through post-conviction relief, and cannot be addressed on direct appeal.

### *Anders* Review

{¶ 19} We have performed our duty under *Anders* to conduct an independent review of the record. We have thoroughly reviewed the arraignment, plea, and sentence hearing transcripts, and the other various filings. We have found no non-frivolous issues for review. Accordingly, the judgment of the Miami County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J., and FROELICH, J., concur.

Copies mailed to:

Anthony E. Kendell
Paul M. Watkins
David J. Fierst
Francisco S. Guerra, Sr.
Hon. Jeannine N. Pratt