[Cite as *State v. Brown*, 2017-Ohio-9225.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case Nos. 26945, 26947, |
| | : | 26948, 27249, 27250, 27251, 27419, |
| v. | : | 27420, 27421 |
| | : | |
| WILLIAM T. BROWN | : | Trial Court Case Nos. 2014-CR-3632, |
| | : | 2014-CR-1637, 2014-CR-1721 |
| *Defendant-Appellant* | : | |
| | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of December, 2017.

. . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. JANS, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. No. 0067714, 120 West Second Street, Suite 706, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, William T. Brown, appeals from his convictions in Case No. 2014 CR 01637, Case No. 2014 CR 01721 and Case No. 2014 CR 03632, in each of which he pleaded guilty to two or more charges in lieu of a trial. Brown argues that the trial court erred by accepting his pleas, and again by overruling his subsequent motions to withdraw pursuant to Crim.R. 32.1, because he did not enter the pleas intelligently, knowingly and voluntarily. Additionally, Brown argues that the court erred by ordering him to pay costs, and in Case No. 2014 CR 03632, to pay restitution. We find that Brown's arguments lack merit, and therefore, we affirm the trial court.

### I. Facts and Procedural History

{¶ 2} In Case No. 2014 CR 01637, a Montgomery County grand jury issued an indictment against Brown on May 29, 2014, charging him with one count of aggravated robbery in violation of R.C. 2911.01(A)(1), plus a firearm specification; one count of theft in violation of R.C. 2913.02(A)(1), plus a firearm specification; and one count of having a weapon while under disability in violation of R.C. 2923.13(A)(2). Brown pleaded guilty to the charges of aggravated robbery and having a weapon while under disability. Tr. of Plea Hr'g 4.

{¶ 3} In Case No. 2014 CR 01721, a Montgomery County grand jury issued an indictment against Brown on June 12, 2014, charging him with one count of aggravated robbery in violation of R.C. 2911.01(A)(1), plus a firearm specification; and one count of having a weapon while under disability in violation of R.C. 2923.13(A)(2). Brown pleaded guilty as charged. Tr. of Plea Hr'g 4.

{¶ 4} In Case No. 2014 CR 03632, a Montgomery County grand jury issued an

indictment against Brown on December 5, 2014, charging him with two counts of felony murder in violation of R.C. 2903.02(B), plus firearm specifications; one count of aggravated robbery in violation of R.C. 2911.01(A)(1), plus a firearm specification; one count of felonious assault in violation of R.C. 2903.11(A)(2), plus a firearm specification; one count of discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3), plus a firearm specification; and one count of having a weapon while under disability in violation of R.C. 2923.13(A)(2). Brown pleaded guilty to one count of felony murder, with the attached firearm specification, as well as to the charges of aggravated robbery and having a weapon while under disability. Tr. of Plea Hr'g at 3-4.

{¶ 5} At his final pretrial hearing on October 9, 2015, Brown and the State informed the court that they had reached a plea agreement in the foregoing three cases. *Id.* at 3-6. The court discussed the agreement with Brown as required by Crim.R. 11(C)(2), and he formally entered his pleas into the record. *Id.* at 6-21.

{¶ 6} On October 21, 2015, Brown appeared for sentencing. Before the hearing began, Brown notified his counsel that he wanted to withdraw his pleas, at least in part on the basis of certain alleged deficiencies in counsel's performance. *Id.* at 23-24. Counsel informed the court, but the court nevertheless proceeded to sentence Brown because he had not yet filed a motion pursuant to Crim.R. 32.1. *See id.* at 24-26. The court sentenced Brown to an aggregate term of 24 years to life, in accord with his plea agreement.[1] *Id.* at 6, 27 and 30. It also ordered him to pay costs, and in Case No. 2014

---

[1] The termination entries in all three cases, particularly those in Case Nos. 2014 CR 01721 and 2014 CR 03632, appear to require additional amendment inasmuch as they do not appear to be entirely precise reflections of the terms of Brown's plea agreement as read into the record on October 9, 2015.

CR 03632, to pay restitution.

{¶ 7} On October 23, 2015, Brown filed motions to withdraw his pleas in all three cases, and his trial attorney sought leave to withdraw as counsel. In a pair of decisions entered on October 29, 2015, the court overruled Brown's motions, allowed his trial attorney to withdraw, and appointed substitute counsel. Brown then submitted a second series of motions to withdraw his pleas on November 17, 2015. The court held a hearing on December 7, 2015, and in a decision filed two days later, it again overruled Brown's motions to withdraw. In considering Brown's motions, the court applied "the pre-sentencing withdrawal standard" because it had been notified before sentencing that he wanted to withdraw his pleas. Decision Overruling Def.'s Mot. to Withdraw Guilty Plea 4, Dec. 22, 2016.[2]

## II. Analysis

{¶ 8} Assignment of Error Number One:

THE TRIAL COURT ERRED BY OVERRULING BROWN'S MOTION TO WITHDRAW HIS GUILTY PLEAS.

{¶ 9} In this assignment of error, Brown argues that he "had two legitimate and

---

[2] All references in this opinion to the trial court's ruling on Brown's motions to withdraw relate to the trial court's decision of December 22, 2016. Brown filed his initial notices of appeal in this matter on December 9, 2015, the same day that the trial court entered its decision overruling Brown's second series of motions to withdraw; he eventually filed no fewer than twelve notices of appeal. We dismissed three of these on November 10, 2016. In our subsequent decision and entry of December 5, 2016, we sua sponte consolidated the remaining six appeals (Case Nos. CA 26945, CA 26947, CA 26948, CA 27249, CA 27250 and CA 27251), and remanded the cases "to the trial court to enter or re-enter decisions resolving the motions to withdraw Brown's guilty pleas." The trial court entered its decision of December 22, 2016 in compliance with our order, after which Brown filed three more notices of appeal (Case Nos. CA 27419, CA 27420 and CA 27421). On January 31, 2017 we sua sponte consolidated all nine referenced appeals.

reasonable bases on which to withdraw his plea[s]." Appellant's Br. 7, Feb. 21, 2017. First, he faults his trial counsel for "not fully shar[ing] the discovery [materials produced by the State] with him," and second, he maintains that he did not understand a material term of his comprehensive plea agreement—the aggregate term of imprisonment to which he would be sentenced. *Id.* On the latter point, Brown contends that he believed "that he could be sentenced to a flat 20 year prison term even though his counsel, the State, and the judge all believed [that he] would be sentenced to a term of 24 years to life." *Id.* In response, the State argues that Brown had no valid reason for withdrawing his pleas, and that the trial court did not abuse its discretion by overruling Brown's motions to withdraw. *See* Appellee's Br. 13-17, May 9, 2017.

{¶ 10} A "presentence motion to withdraw a guilty plea should be freely and liberally granted," although "a defendant does not have an absolute right to withdraw a plea prior to sentencing." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). Instead, after conducting a hearing on the motion, the trial court must "determine whether [the defendant] has a reasonable and legitimate basis" for the withdrawal, rather than "[a] mere change of heart." *Id.*; *State v. Lambros*, 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist.1988). Some of the factors that a trial court may weigh in considering a presentence motion to withdraw a plea are the following:

(1) whether the state will be prejudiced * * *, (2) the representation afforded to the defendant by counsel, (3) the extent of the Crim.R. 11 plea hearing, (4) the extent of the hearing on the motion to withdraw, (5) whether the trial court gave full and fair consideration to the motion, (6) whether the timing of the motion was reasonable, (7) the reasons for the motion, (8) whether

the defendant understood the nature of the charges and potential sentences, [and] (9) whether the accused was perhaps not guilty or had a complete defense to the charge [or charges].[3]

(Citations omitted.) *State v. Cuthbertson*, 139 Ohio App.3d 895, 898-899, 746 N.E.2d 197 (7th Dist.2000), citing *State v. Thomas*, 7th Dist. Mahoning Nos. 96 CA 223, 96 CA 225 & 96 CA 226, 1998 WL 934645 (Dec. 17, 1998), and *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995); *see also State v. Askew*, 2d Dist. Montgomery No. 20110, 2005-Ohio-4026, ¶ 10-11, quoting *Cuthbertson*, 139 Ohio App.3d at 898-899. Absent "an abuse of discretion on the part of the trial court," its decision on a presentence motion to withdraw "must be affirmed." *Xie*, 62 Ohio St.3d at 527; *State v. Donaldson*, 2d Dist. Greene No. 06 CA 110, 2007-Ohio-5756, ¶ 6.

{¶ 11} A "trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34, citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). Appellate review under this standard "is deferential and does not permit [the] appellate court to simply substitute its judgment for that of the trial court." *Darmond*, 2013-Ohio-966, ¶ 34, citing *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14. Hence, we will not usually find an "abuse of discretion in denying a pre-sentence motion to withdraw a guilty plea" in a case in which "(1) the [defendant] is represented by highly competent counsel, (2) the [defendant is] afforded a

---

[3] In our past decisions, we have omitted the fifth of these and referred to a renumbered list of eight factors. *See, e.g., State v. Donaldson*, 2d Dist. Greene No. 06 CA 110, 2007-Ohio-5756, ¶ 8-9; *State v. Askew*, 2d Dist. Montgomery No. 20110, 2005-Ohio-4026, ¶ 10-11, citing *State v. Cuthbertson*, 139 Ohio App.3d 895, 898-899, 746 N.E.2d 197 (7th Dist.2000).

full hearing, pursuant to Crim.R. 11, before entering the plea, (3) * * * the [defendant] is given a complete and impartial hearing on the motion, and (4) the record reveals that the trial court gave full and fair consideration to the [defendant's] request." *Donaldson*, 2007-Ohio-5756, ¶ 7, citing *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980).

{¶ 12} In its evaluation of Brown's motion to withdraw, the trial court individually weighed eight of the factors listed in the *Cuthbertson* opinion as part of its analysis.[4] Decision Overruling Def.'s Mot. to Withdraw Guilty Plea 4-15. It found that: (1) the State would be prejudiced were Brown allowed to withdraw his pleas, but not enough to justify overruling Brown's motion; (2) Brown received "competent legal counsel" at all relevant times; (3) Brown "was afforded a full and extensive hearing in accordance with Crim.R. 11"; (4) the hearing on the motion was "complete and impartial"; (5) the timing of the motion was reasonable; (6) the reasons Brown offered in support of withdrawal were "unpersuasive"; (7) Brown "understood the charges and penalties" associated with his plea agreement; and (8) the record of the case provided "no indication that [Brown] ha[d] a complete defense" to the charges against him. *Id.* at 5-15. Finding thus that only two of the eight factors favored Brown's position (i.e. the first and the fifth), the court overruled his motion. *See id.* at 16.

{¶ 13} Here, as noted, Brown directs his arguments to the second and seventh factors, contending that his trial counsel improperly withheld discovery materials from him and that he did not understand key provisions of his plea agreement with the State.

---

[4] *See supra* note 3. The trial court cited our decision in *Donaldson*, in which we cited our earlier decision in *Askew*. Decision Overruling Def.'s Mot. to Withdraw Guilty Plea 4.

Appellant's Br. 7. The record before us includes little evidentiary support for these contentions.

{¶ 14} Although Brown's trial counsel acknowledged that he did not provide Brown with copies of all discovery materials, counsel testified that he discussed the materials with Brown and refrained from providing copies only because the "majority of the discovery, [to his] understanding, was 'for counsel['s] eyes only.' " Tr. of Hr'g on Def.'s Mot. to Withdraw 21-23, Dec. 7, 2015. The trial court accepted counsel's account, which Brown's own testimony at least partly corroborates. *See id.* at 6-8.

{¶ 15} Regarding Brown's understanding of the terms of the plea agreement, the trial court determined that he "fully understood the nature of the charges, and [the] penalties [for] his offenses." Decision Overruling Def.'s Mot. to Withdraw Guilty Plea 15. Brown testified at the hearing on his motions to withdraw that, before he entered into the plea agreement, his counsel told him that "if [he] took the deal for 24 [to] life, the judge could still [sentence him to] 20 years flat." Tr. of Hr'g on Def.'s Mot. to Withdraw 5. Even standing alone, this testimony supports the trial court's determination—it demonstrates that despite hoping to be sentenced to 20 years without a life tail, Brown was nonetheless aware that he was entering into an agreement calling for a recommended sentence of 24 years to life. For that matter, he had the following exchange with the court during his plea hearing on October 9, 2015:

> THE COURT: And if my math is correct, it looks like this is going to be a 24 year to [l]ife sentence. Is that your understanding?
>
> BROWN: Yes, sir.

Tr. of Plea Hr'g 6.

{¶ 16} Given the deferential standard of review applicable to this appeal, we find no reason to disturb the trial court's determinations that Brown "was afforded competent legal counsel at the time of, and prior to, entering his guilty pleas" and that Brown "understood the charges and penalties" set forth in his plea agreement. Dec. Overruling Def.'s Mot. to Withdraw Guilty Plea 7 and 15. Furthermore, before he entered his pleas, Brown had a hearing as required by Crim.R. 11, during which the trial court advised him as required by Crim.R. 11(C)(2). Tr. of Plea Hr'g 5-14. Likewise, the court convened a hearing on Brown's motions to withdraw, and the court proceeded afterward to give full and fair consideration to Brown's request to withdraw his pleas. *See generally* Decision Overruling Def.'s Mot. to Withdraw Guilty Plea. We find, therefore, that the trial court did not abuse its discretion by denying Brown's request, and consequently, we overrule Brown's first assignment of error. *See State v. Donaldson*, 2d Dist. Greene No. 06 CA 110, 2007-Ohio-5756, ¶ 7.

{¶ 17} Assignment of Error Number Two:

BROWN DID NOT WAIVE HIS RIGHT TO APPEAL KNOWINGLY AND VOLUNTARILY.

{¶ 18} In his second assignment of error, Brown argues that the "record does not demonstrate that [he] made a knowing and voluntary waiver of his right to appeal" because: (1) the plea forms make no "reference to a waiver of his right to appeal"; and (2) at his plea hearing, he "was never specifically asked, as a separate matter, if he waived" this right. Appellant's Br. 9. We find that Brown's argument lacks merit.

{¶ 19} At his plea hearing, the State read the agreement into the record, noting that as "part of [the] agreement, [Brown] would agree to waive all rights to appeal <u>that</u>

<u>may be waived by law</u> and as indicated on the plea form[s]." (Emphasis added.) Tr. of Plea Hr'g 4. The trial court later verified that Brown understood as much:

> THE COURT: Do you understand, sir, that a guilty plea, it is a complete admission of your guilt[,] and <u>you're giving up your rights to appeal any pretrial rulings</u> in all of these cases---
>
> BROWN: Yes, sir.
>
> THE COURT: ---do you understand that?
>
> BROWN: Yes, sir.

(Emphasis added.) *Id.* at 12-13. As the transcript of Brown's plea hearing indicates, Brown did not agree to a blanket waiver of his right to appeal, but instead, he agreed to waive his right to appeal only to the extent allowed "by law," which the court explained as a waiver of his right to appeal "any pretrial rulings" in Case Nos. 2014 CR 01637, 2014 CR 01721 and 2014 CR 03632.

{¶ 20} By "entering a voluntary guilty plea while represented by competent counsel, [a defendant] waive[s] his right to appeal all nonjurisdictional defects in prior stages of the proceedings." (Citation omitted.) *State v. Guerra*, 2d Dist. Miami No. 2015-CA-28, 2016-Ohio-5647, ¶ 9; *see also* R.C. 2953.08(D)(1). Crim.R. 11(C)(2), moreover, "does not require [that] the trial court * * * inform a defendant that by pleading guilty," the defendant "is [thereby] waiving his * * * right to appeal a jointly-agreed sentence under R.C. 2953.08(D)(1)." As such, even if the court had not advised Brown that he would waive the right to appeal certain issues by pleading guilty, his plea agreement would remain valid and enforceable; by extension, the absence of this advice in the plea forms does not invalidate the agreement. Accordingly, we overrule Brown's

second assignment of error.

{¶ 21} Assignment of Error Number Three:

BROWN'S PLEAS WERE NOT MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.

{¶ 22} In his third assignment of error, Brown reasons that because "he did not waive his right to appeal knowingly and voluntarily, [whereas] the State and [the court] believed his waiver of his right to appeal was part of the bargained for exchange, [he] could not have entered his pleas knowingly, intelligently and voluntarily." Appellant's Br. 10. As we have observed, however, Brown waived his right to appeal certain issues by operation of law when he entered into the plea agreement, and no warning to this effect was required by Crim.R. 11(C)(2). We find, then, that the waiver of Brown's right to appeal certain issues is irrelevant to the question of whether he entered into his plea agreement intelligently, knowingly and voluntarily. Brown's third assignment of error is overruled.

{¶ 23} Assignment of Error Number Four:

THE TRIAL COURT ERRED IN ORDERING BROWN TO PAY RESTITUTION IN CASE 2014 CR 03632.

{¶ 24} In his fourth assignment of error, Brown charges the trial court with "abus[ing] [its] discretion [by] imposing restitution in the amount of $5,598.14," without considering his ability to pay, as part of his sentence in Case No. 2014 CR 03632. Appellant's Br. 11. We find that the court did not err by ordering Brown to pay restitution.[5]

---

[5] The State argues that Brown has waived all but plain error on this issue by failing to raise it before the trial court, though it acknowledges that Brown filed a presentence motion to waive financial sanctions. Appellee's Br. 22. By the State's argument, Brown

{¶ 25} Pursuant to R.C. 2929.18(A)(1), a court "imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions" authorized by law, including restitution "to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss."  If the court decides to impose restitution, then

> [it] may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.

*Id.*  R.C. 2929.19(B)(5), in addition, directs the court to "consider the offender's present and future ability to pay the amount of the sanction" before "imposing a financial sanction under [R.C.] 2929.18 * * *."  On review of a trial court's imposition of restitution as part of a felony sentence, we apply the standard set forth in R.C. 2953.08(G)(2)(b), inquiring whether the imposition of restitution is clearly and convincingly contrary to law.  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7 and 10; *State v.*

---

did not raise the issue of restitution in his presentence motion because he requested only the waiver of " 'any fine[s] or court costs,' " as opposed to "restitution."  *Id.*  In the motion, Brown asked the court to "waive the imposition of any fine[s] or court costs due to [his] indigency and his present and future inability to pay financial sanctions * * *," adding that he expected that he would "be ordered to pay restitution."  Def.'s Mot. to Waive the Imposition of Financial Sanctions 1-2, Oct. 12, 2015.  Regardless of the imprecision with which Brown phrased his request for waiver, restitution would seem to be a "financial sanction," leading us to conclude that Brown's motion did constitute a request for waiver of all financial sanctions, including restitution.  *See, e.g., State v. Thomas*, 2d Dist. Montgomery No. 26907, 2017-Ohio-5501, ¶ 39 (referring to "restitution" as a "financial sanction").

*Becraft*, 2017-Ohio-1464, ___ N.E.3d ___, ¶ 17 (2d Dist.).

**{¶ 26}** Brown pleaded guilty, among other things, to one count of felony murder in Case No. 2014 CR 03632. At his sentencing on October 21, 2015, the court informed him that it had "reviewed the presentence investigation report," and finding "that [he had] either the present or future ability to pay," ordered him to "pay restitution * * * for [the victim's] funeral expenses in the amount of $5,598.14." *Id.* at 31.

**{¶ 27}** Here, Brown argues that the court's restitution order in Case No. 2014 CR 03632 should be reversed because "there was nothing in the [presentence investigation] that indicates [he] will have the ability to pay [the amount ordered], and [because] his ability to pay was not discussed at [his] sentencing hearing." Appellant's Br. 11. Yet, R.C. 2929.18(A)(1) and 2929.19(B)(5) constrain the court's authority to order restitution in only two respects: first, the amount of restitution may "not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense"; and second, the court must "consider the offender's present and future ability to pay the amount of the sanction." Brown does not argue that the amount he has been ordered to pay in restitution exceeds the economic loss suffered by the victim's family, and the court indicated for the record that it had considered his ability to pay. *See* Tr. of Plea Hr'g 31.

**{¶ 28}** We find no evidence in the record of Case No. 2014 CR 03632 to suggest that the trial court's order of restitution is clearly and convincingly contrary to law. As a result, Brown's fourth assignment of error is overruled.

**{¶ 29}** Assignment of Error Number Five:

THE TRIAL COURT ERRED IN ORDERING TO [sic] PAY COURT

COSTS.

**{¶ 30}** Brown contends in his final assignment of error that the trial court further "abused [its] discretion [by] overruling [his] motion to waive the imposition of court costs." Appellant's Br. 12. R.C. 2947.23(A)(1)(a) states that "[i]n all criminal cases, * * *, the judge or magistrate <u>shall</u> include in the sentence the costs of prosecution, * * *, and render a judgment against the defendant for such costs." (Emphasis added.) In *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8, the Ohio Supreme Court emphasized that R.C. 2947.23 "does not prohibit a court from assessing costs against an indigent defendant; rather it <u>requires</u> [emphasis in original] a court to assess costs against all convicted defendants." Regardless of Brown's present or future ability to pay, the trial court cannot have erred by following an unequivocal statutory mandate, and consequently, Brown's fifth assignment of error is overruled.

### III. Conclusion

**{¶ 31}** We find that Brown's assignments of error lack merit. Therefore, we affirm Brown's convictions in Case No. 2014 CR 01637, Case No. 2014 CR 01721 and Case No. 2014 CR 03632; the trial court's decision overruling Brown's motions to withdraw his pleas; and the trial court's decisions overruling Brown's motions for waiver of the imposition of financial sanctions and court costs.

. . . . . . . . . . . . .


HALL, P.J. and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Heather N. Jans
Robert Alan Brenner
Hon. Dennis J. Adkins