[Cite as *State v. Dunn*, 2024-Ohio-600.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-24 |
| | : | |
| v. | : | Trial Court Case No. 22-CR-0656 |
| | : | |
| JOSHUA DUNN | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on February 16, 2024

. . . . . . . . . . .

KRISTIN L. ARNOLD, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Joshua Dunn appeals from his conviction, following his guilty plea, of intimidation of a victim or witness in a criminal case ("intimidation"). Dunn argues that the trial court erred when it ruled in favor of the State on its request to introduce hearsay evidence from the victim, who did not appear at trial, pursuant to the forfeiture by wrongdoing exception to the hearsay rule, Evid.R. 804(B)(6). He also argues that trial counsel was ineffective in advising him to plead guilty rather than no contest, because a

no contest plea would have preserved his right to appeal the trial court's liminal ruling. Because we find Dunn's arguments to be without merit, the judgment of the trial court is affirmed.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} Dunn was initially charged with felonious assault and domestic violence in Clark C.P. No. 2022-CR-536, after he shoved the victim through a window. While in jail on that matter, Dunn repeatedly called the victim, refusing to accept her decision to end their relationship due his violent conduct, and on August 1, 2022, he sent her a letter from jail that stated "I should have pushed you're a** harder through that window" and threatened to kill her. In the letter, Dunn also told the victim not to come to court.

{¶ 3} Based upon his threatening conduct toward the victim, Dunn was indicted in this case, Clark C.P. No. 2023-CA-24, on one count of intimidation and one count of domestic violence. He pled not guilty. On September 8, 2022, the State filed a motion to consolidate Case Nos. 2022-CR-656 and 2022-CR-536, which the trial court granted.

{¶ 4} Also on September 8, 2022, the State filed a notice of intent to introduce hearsay evidence pursuant to Evid.R. 804(B)(6), namely the victim's grand jury testimony and her statements to police officers, on 911 calls, and on recorded calls Dunn had made to her from jail. The notice stated that on September 7, 2022, the victim had indicated that she did not intend to testify against Dunn, that her "fear and reluctance to cooperate" were "certainly understandable and directly traceable" to Dunn's actions, and that Dunn had "acted to ensure the unavailability of the State's primary witness." This issue remained pending until the scheduled trial date, April 11, 2023.

{¶ 5} When the victim failed to appear to testify at trial, the trial court held a hearing on the State's notice of intent pursuant to Evid.R. 804(B)(6). The State represented that the victim had been personally served with a subpoena the previous week at her residence and that an investigator had gone to her workplace and residence ahead of the hearing but had been unable to locate her. Officer Joshua Robinson of the Springfield Police Department testified that he had responded to the victim's home on August 4, 2022, based upon her receipt of the threatening letter from Dunn, which Robinson read into the record. The court also heard seven recorded jail phone calls between Dunn and the victim, and the State represented that they were "a sampling of the 100s of phone calls made to [the victim] since he's been in jail with a no-contact order."

{¶ 6} The court did not rule on the State's motion/notice by entry, but it indicated at the hearing that it would allow the use of the victim's statements because the "letter alone establishe[d] forfeiture by wrongdoing" and the victim was not present in part due to Dunn's wrongdoing. The court then took a break to give the parties an opportunity to discuss a plea, indicating that the trial would begin later that morning.

{¶ 7} Thereafter, the parties entered into a plea agreement; Dunn agreed to enter guilty pleas to domestic violence in Case No. 2022-CR-536 and to intimidation in Case No. 2022-CR-656, and the State dismissed the other counts. The court accepted Dunn's pleas and sentenced him to 36 months for intimidation and 18 months for domestic violence, to be served consecutively.

{¶ 8} Dunn appeals, challenging only the intimidation conviction in Clark C.P. No. 2022-CR-656.

## ASSIGNMENTS OF ERROR AND ANALYSIS

{¶ 9} Dunn raises two assignments of error. The first assignment states:

THE TRIAL COURT ERRED WHEN RULING THAT HEARSAY EVIDENCE WAS ADMISSIBLE UNDER EVIDENCE RULE 804(B)(6) FORFEITURE BY WRONGDOING EXCEPTION TO HEARSAY EVIDENCE.

{¶ 10} According to Dunn, the court erred in determining that the victim was unavailable due to his wrongdoing and thereby in finding an exception to the hearsay rule. Dunn argues that, prior to such a determination, the State was required to prove that reasonable efforts had been made to locate the victim and to secure her presence to testify at trial. Dunn argues that it was within the trial court's authority to order additional measures to secure the victim's presence for trial and that her testimony was vital to his right to confront her as a material witness and to the determination of his guilt. He asserts that the court's ruling compromised his ability to proceed to trial.

{¶ 11} Dunn relies on *State v. Harvey*, 6th Dist. Lucas No. L-22-1029, 2022-Ohio-4650, ¶ 50, which held that, under the totality of the circumstances, the State had failed to demonstrate its attempts to secure the presence of the victim by subpoena or other reasonable means by a preponderance of the evidence, and therefore that the court had erred in concluding that appellant's actions had caused the victim to be absent from trial. He emphasizes that the *Harvey* court acknowledged that the victim's presence and presentation of her trial testimony were preferable to proceeding in her absence. Finally,

Dunn argues that the State failed to establish by a preponderance of the evidence that his actions were for the purpose of causing the victim to be unavailable to testify and that, because the victim "made herself unavailable by not appearing," the court should have issued a show cause order requiring her presence.

{¶ 12} The State responds that, by pleading guilty, Dunn waived his right to challenge the trial court's ruling on the hearsay issue raised by the victim's absence and that we should decline to address the merits of this argument. Alternatively, the State argues that it had established the victim's unavailability as defined in Evid.R. 804(A)(5) and that the circumstances herein were readily distinguishable from those in *Harvey*.

{¶ 13} Initially, we note that the trial court's pretrial ruling on the State's notice pursuant to Evid.R. 804(B)(6) was interlocutory in nature. "An order granting or denying a motion in limine is a tentative, preliminary or presumptive ruling about an evidentiary issue that is anticipated. An appellate court need not review the propriety of such an order unless the claimed error is preserved by a timely objection when the issue is actually reached during the trial." (Citations omitted.) *State v. Leslie*, 14 Ohio App.3d 343, 471 N.E.2d 503 (2d Dist.1984). Further, as the State points out, "[b]y 'entering a voluntary guilty plea while represented by competent counsel, [a defendant] waive[s] his right to appeal all nonjurisdictional defects in prior stages of the proceedings.' " *State v. Brown*, 2017-Ohio-9225, 103 N.E.3d 305, ¶ 20 (2d Dist.), citing *State v. Guerra*, 2d Dist. Miami No. 2015-CA-28, 2016-Ohio-5647, ¶ 9. The Evid.R. 804(B)(6) issue raised in the trial court was nonjurisdictional. Thus, we agree with the State that Dunn's argument under this assignment of error was waived by his guilty plea.

{¶ 14} Even if waiver did not apply, however, Dunn's first assignment of error would fail on the merits. Hearsay is "a statement, other than one made by the declarant, while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). "Hearsay is not admissible except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio." Evid.R. 802. Evid.R. 804(B) sets forth exceptions to the hearsay rule for statements made by declarants who are unavailable. Evid.R. 804(A) defines "unavailablilty" and states that "[u]navailability as a witness" includes any situation in which the declarant "is absent from the hearing and the proponent of the declarant's statement has been unable to procure the declarant's attendance * * * by process or other reasonable means." Evid.R. 804(A)(5). Evid R. 804(A)(B) states:

(B) Hearsay Exceptions. The following are not excluded by the hearsay rule

if the declarant is unavailable as a witness:

* * *

(6) Forfeiture by Wrongdoing. A statement offered against a party if the

unavailability of the witness is due to the wrongdoing of the party for the

purpose of preventing the witness from attending or testifying. * * *

{¶ 15} Although, in general, an appellate court reviews trial court decisions on the admissibility of evidence, including hearsay rulings, for an abuse of discretion, evidentiary rulings implicating the Confrontation Clause are reviewed de novo. *State v. Kelton*, 148

Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶ 97, citing *State v. Hymore*, 9 Ohio St.2d 122, 128, 224 N.E.2d 126 (1967). The State acknowledges that the Confrontation Clause is implicated in this case.

{¶ 16} We have reviewed the threatening letter received by the victim and listened to the sampling of jail calls from Dunn to the victim that were played for the trial court. In the letter, Dunn acknowledged shoving the victim through the window and threatened her life, and in the phone calls he told her not to come to court to testify. The State properly served the victim with process and subsequently attempted to locate her for trial. In other words, the court did not err in finding (in its pretrial liminal ruling) that the State had established forfeiture by wrongdoing with respect to the State's use of these materials. Because Dunn's first assignment of error is waived and lacks merit, it is overruled.

{¶ 17} Dunn's second assignment of error is as follows:

APPELLANT DID NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTER HIS PLEA, AS HE WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 18} Dunn argues that defense counsel's representation fell below an objective standard of reasonableness in advising him to plead guilty rather than no contest, and that he was prejudiced because a no contest plea would have preserved the pretrial evidentiary issues for appeal. Dunn argues that the record makes clear that if defense counsel had advised him of the option to plead no contest, he would have done so, and that his plea was accordingly not knowing, intelligent, and voluntary. Dunn also contends that he had been "adamant that he did not do the things leading to his criminal charges."

The State responds that, because Dunn has failed to show that the State would have agreed to a no-contest plea with the same terms as the guilty plea, he has not demonstrated that his counsel was ineffective for failing to advise him about a no-contest plea.

{¶ 19} "To establish ineffective assistance of counsel, a defendant must demonstrate both that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the outcome of the case would have been different." *State v. Bendolph*, 2018-Ohio-1729, 2018-Ohio-1729, ¶ 37 (2d Dist.), citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "Trial counsel is also entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance." *Id.,* citing *Strickland*.

{¶ 20} In order to satisfy the requirements of due process, a guilty plea must be knowingly, intelligently, and voluntarily made. *State v Webb*, 2d Dist. Montgomery No. 26198, 2015-Ohio-553, ¶ 8, citing *Boykin v. Alabama*, 395 U.S. 238, 242-243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The plea must be made with a full understanding of its consequences. *Id.*, citing *State v. Bowen*, 52 Ohio St.2d 27, 28, 368 N.E.2d 843 (1977). Before accepting a guilty plea, a trial court must substantially comply with the requirements of Crim.R. 11*. State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* at

108.

{¶ 21} "A guilty plea waives the right to allege ineffective assistance of counsel, except to the extent that the errors caused the plea to be less than knowing and voluntary." *Webb* at ¶ 15, citing *State v. Spates*, 64 Ohio St.3d 269, 595 N.E.2d 351 (1992). The reviewing court must therefore determine whether the trial court substantially complied with Crim.R. 11 in accepting the plea, and if it did so, the plea was knowing, voluntary, and intelligent. *Id.,* citing *Nero* at 108.

{¶ 22} We initially note that any advice defense counsel may have given Dunn regarding his guilty plea to intimidation is not part of the record before us, and thus ineffective assistance is not demonstrated by the record. The record does reflect, however, that the trial court substantially complied with Crim.R. 11 in accepting Dunn's plea. The terms of the plea agreement in both cases were recited into the record, namely that Dunn would plead guilty to domestic violence in Case No. 2022-CR-536 and to intimidation in Case No. 2022-CR-656 in exchange for the dismissal of the other charges. Dunn acknowledged his understanding and that he had gone over the plea agreement with defense counsel. Dunn was advised of the possible maximum sentence and both the constitutional and nonconstitutional rights he would waive by entering his plea. Dunn never expressed a lack of understanding of the proceedings during the Crim.R. 11 colloquy; rather he acknowledged his comprehension. The State dismissed the other charges and, as a result of the plea agreement, Dunn faced a lesser sentence than if he had been convicted of all the charges. Finally, even if Dunn had not pled no contest, he would be unable to establish ineffective assistance of counsel because any error in the

pretrial evidentiary ruling would not have been preserved for appeal since he failed to proceed to trial.

**{¶ 23}** Because ineffective assistance of counsel is not demonstrated, and Dunn's plea was knowing, intelligent and voluntary, his second assignment of error is overruled.

**{¶ 24}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and TUCKER, J., concur.