[Cite as *State v. Richmond*, 2018-Ohio-147.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 17AP-366 |
| v. | : | (C.P.C. No. 15CR-3826) |
| Chester J. Richmond, Jr., | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 16, 2018

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Michael P. Walton,* for appellee.

**On brief:** *Yeura R. Venters,* Public Defender, and *Robert D. Essex,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, Chester J. Richmond, Jr., appeals an order of restitution in the sentence imposed by the Franklin County Court of Common Pleas after he pleaded guilty to two counts of receiving stolen property under R.C. 2913.51. For the following reasons, we reverse in part and remand this cause to the trial court with instructions to modify the sentence to reduce the restitution amount of $3,773.26 by $1,767.00 to $2,006.26.

## I. FACTUAL & PROCEDURAL BACKGROUND

{¶ 2} A grand jury indicted Richmond with two fifth-degree felony counts of receiving stolen property under R.C. 2913.51 on August 6, 2015. The first count of the indictment alleged that Richmond "did receive, retain, or dispose of a credit card" belonging to J.B., through the commission of a theft. The first count also identified Joshica Nicole McCollins as a co-defendant. The second count alleged that Richmond "did

receive, retain, or dispose of a credit card" belonging to D.B., through the commission of a theft. (Aug. 6, 2015 Indictment.) Richmond entered a plea of guilty to both counts. (July 12, 2016 Entry of Guilty Plea.)

{¶ 3} The two counts of receiving stolen property arose from the theft of a purse belonging to J.B. that occurred while she was dancing at a bar. (July 12, 2016 Tr. at 13.) When she returned to where she had left her purse before dancing, she discovered it was gone. The keys to J.B.'s minivan inside the purse were also missing, as well as the minivan itself. Subsequently, one of the credit cards in the purse was used at a Wal-Mart. Security camera footage from Wal-Mart showed Richmond and Joshica Nicole McCollins using the card. Another credit card in the purse, a Kohl's store card that belonged to J.B.'s mother, D.B., was used to make $2,006.26 worth of purchases. (Tr. at 14.)

{¶ 4} At the sentencing hearing, J.B. made a victim impact statement. She stated that she had lost "hundreds of dollars of cash and gift cards" received for her birthday that had been inside her purse. (Apr. 24, 2017 Tr. at 8.) The prosecution valued the contents of J.B.'s purse at $1,767, based on the following: $90 for the purse itself; $937 in cash; $460 in gift cards; $50 for a wallet; $30 for a makeup bag; and $200 for an iPhone. (Tr. at 12.) The trial court accepted this valuation, stating:

> In looking at the restitution, the $1,767, which is the contents of the purse, I feel there's enough of a nexus here to warrant that justification of that assessment since he was found in the picture with the purse being present while they were executing one of the other cards.

(Tr. at 28.)

{¶ 5} The trial court imposed concurrent sentences of nine months imprisonment for each count of receiving stolen property and ordered Richmond to pay $3,773.26 in restitution. (Apr 25, 2017 Jgmt. Entry.) In a separate entry, the trial court separated the restitution amount, based on the two victims of the two offenses: $2,006.26 to Kohl's and $1,767.00 to J.B. (Apr. 25, 2017 Entry.)

{¶ 6} Richmond appeals and asserts the following assignment of error:

> The trial court committed reversible error by ordering Defendant-Appellant to pay restitution when the record did not show a connection between the amount of the restitution and an offense committed by Defendant-Appellant.

## II. STANDARD OF REVIEW

{¶ 7}   Restitution is a financial sanction that may form part of a felony sentence. *See* R.C. 2929.01(EE) (defining a "sentence" as a "sanction or combination of sanctions" imposed on an offender by a sentencing court) and R.C. 2929.01(DD) (defining "sanction" to include restitution imposed pursuant to R.C. 2929.18). We review appeals of felony sentences under R.C. 2953.08(G)(2), which states:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 8}   Because Richmond's appeal does not concern findings under R.C. 2929.13, 2929.14, or 2929.20, the second prong of R.C. 2953.08(G)(2) applies. Accordingly, modification of the trial court's restitution order depends on a clear and convincing finding that the order was contrary to law. *State v. Becraft*, 2d Dist. No. 2016-CA-9, 2017-Ohio-1464, ¶ 18 (imposing the "clear and convincing" standard under R.C. 2953.08(G)(2)(b) to an appeal of an order for restitution under R.C. 2929.18).

## III. ANALYSIS

{¶ 9}   Richmond argues that $1,767, the portion of the trial court's restitution order that compensated the victim for the value of all the items in her purse, was erroneous because his charge and conviction for receiving stolen property only encompassed the credit card and the charges made to it. (Appellant's Br. at 4-7.) He points out that he "was not charged with the theft of the purse or the theft of any of its contents—only that he used a credit card." (Appellant's Br. at 6.) In response, the state concedes that the trial court erred when it imposed restitution for the items in the purse in the amount of $1,767. (Appellee's Br. at 1.) The state believes that the appropriate

remedy would be for this court to modify the sentence by subtracting the erroneously imposed portion from the overall amount of restitution. (Appellee's Br. at 2.)

{¶ 10} Under R.C. 2929.18(A)(1), a court may order "[r]estitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss." The statute further provides:

> If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.

R.C. 2929.18(A)(1).

{¶ 11} "A restitution award must be limited to those acts that constitute the crime of conviction." *State v. Colon*, 185 Ohio App.3d 671, 2010-Ohio-492, ¶ 9 (2d Dist.), citing *State v. Hubbell*, 2d Dist. No. 1617, 2004-Ohio-398. This is logical because, as the statute states, the victim's economic loss must be "a direct and proximate result of the commission of the offense." R.C. 2929.18(A)(1). Here, Richmond was only convicted under R.C. 2913.51 for receipt of stolen property in the form of credit cards. J.B.'s economic loss of $1,767 for the purse and the items it contained was not a direct and proximate cause of Richmond's receipt of the stolen credit card and the charges made to it. Because "as a matter of law, an offender cannot be ordered to pay restitution for damage arising from a crime of which he was not convicted," the trial court erred when it ordered Richmond to pay restitution for the economic loss that J.B. suffered as a result of the theft of any item other than the credit cards. *State v. Williams*, 3d Dist. No. 8-03-25, 2004-Ohio-2801, ¶ 23. Accordingly, Richmond's sentence must be modified to delete $1,767, the erroneous portion of the restitution award.

{¶ 12} The sole assignment of error is sustained. Applying the felony sentencing standard of R.C. 2953.08(G)(2), we clearly and convincingly find that the imposition of $1,767 of the restitution award was contrary to law. Thus, we affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas and remand this case

with instructions to modify Richmond's sentence to reflect the lower restitution amount of $2,006.26.

*Judgment affirmed in part and reversed in part;*
*case remanded with instructions.*

**SADLER and LUPER SCHUSTER, JJ., concur.**

————————————