[Cite as *State v. Anderson*, 2018-Ohio-4618.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 18AP-103 |
| v. | : | (C.P.C. No. 16CR-2672) |
| Lorell Anderson, Jr., | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 15, 2018

**On brief:** *Michael DeWine*, Attorney General, *Anna L. Haffner*, and *William C. Greene*, for appellee. **Argued:** *Anna L. Haffner*.

**On brief:** *Yeura R. Venters*, Public Defender, and *Robert D. Essex*, for appellant. **Argued:** *Robert D. Essex*.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Lorell Anderson, Jr., appeals from the judgment entry of the Franklin County Court of Common Pleas finding appellant guilty of Medicaid fraud and theft. For the following reasons, we affirm the decision of the trial court.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On May 17, 2016, a Franklin County Grand Jury indicted appellant on one count of Medicaid fraud, a fourth-degree felony, in violation of R.C. 2913.40(B), and one count of theft, a fourth-degree felony, in violation of R.C. 2913.02(A)(3). Appellant initially

entered a plea of not guilty, he was appointed counsel, and the matter was scheduled for trial.

{¶ 3}    On August 24, 2017, appellant entered an "Alford plea" of guilty to both counts in the indictment.  (Entry of Guilty Plea at 1; Aug. 24, 2017 Tr. at 2.)  At the plea hearing, the prosecutor set forth the facts giving rise to the indictment as follows:

> From November 4th, 2010 through February 6th, 2015, the defendant billed and received payments from the Ohio Department of Medicaid for services he did not provide to two Medicaid recipients.
>
> The defendant was supposed to provide adult day and vocational services and personal care services for two developmentally disabled Medicaid recipients.  The defendant claims to have helped one recipient obtain a job and provide on-site vocational assistance at Spaghetti Warehouse three to four times a week. However, both the recipient and the restaurant manager confirmed he did not provide any on-site vocational assistance.
>
> The second Medicaid recipient was supposed to be receiving transportation services which the defendant billed for, which several trips did not happen.  This caused an overpayment in the amount of $25,285.80.

(Aug. 24, 2017 Tr. at 8-9.)

{¶ 4}    The trial court accepted appellant's guilty plea, and plaintiff-appellee, State of Ohio, elected to merge the theft count into the Medicaid fraud count for sentencing.  The trial court scheduled the matter for sentencing and ordered a pre-sentence investigation ("PSI").  The following day, August 25, 2017, appellant filed a motion objecting to any sentence of the trial court that imposes a financial sanction, including an order to pay restitution to the victim, "without first holding an 'ability to pay' hearing pursuant to R.C. 2929.18(E) " because appellant "maintains that due to life threatening medical conditions, for which [appellant] is currently receiving treatment for, that he is unable to maintain any employment so that he does not have the present or future ability to pay any financial sanction."  (Aug. 25, 2017 Mot. at 1.)

{¶ 5}    The court held the sentencing hearing on January 9, 2018.  Appellant was again represented by counsel.  The trial court stated the PSI had been completed, and

counsel for both parties indicated they had an opportunity to review the PSI. Appellee told the court it is seeking restitution of $25,285.80 and noted that appellant took advantage of mentally disabled Medicaid recipients.

{¶ 6} Appellant's counsel contested his ability to pay restitution because of his physical and medical problems. Specifically, appellant's counsel told the trial court that appellant is on dialysis, which he receives three times a week—"Monday, Wednesday and Friday"—is "in basically late stage renal failure," has had "a number of strokes" and surgeries, and is living with friends and family who provide him with food. (Jan. 9, 2018 Tr. at 4.) According to appellant's counsel, appellant "is in the process of getting Social Security himself" and "is unable to obtain employment because of his medical conditions." (Jan. 9, 2018 Tr. at 5.) Appellant's counsel presented the trial court with letters from appellant's doctors that, according to appellant, verify appellant's representations regarding his health. Appellant's counsel further stated that appellant "always denied his guilt" and "would have liked to have gone to trial" but took an Alford plea because going to trial would have been physically impossible for him to endure due to his medical conditions. (Jan. 9, 2018 Tr. at 5.) The trial court confirmed with appellant that he was unable to obtain or maintain employment.

{¶ 7} The trial court then sentenced appellant to non-reporting community control for 2 years, which, if violated, would result in a 17-month prison term, and ordered appellant to pay $25,285.80 in restitution to the Ohio Department of Job and Family Services. The trial court waived fines and costs. Counsel for appellant noted his objection, and the trial court stated "[i]f you want to file a motion with verification of the medical conditions, I will take a look at it." (Jan. 9, 2018 Tr. at 8.) The judgment entry memorializing the sentence, filed Jan. 11, 2018, states the trial court ordered and received a PSI and considered appellant's present and future ability to pay pursuant to R.C. 2929.18.

{¶ 8} Appellant filed a timely appeal.

## II. ASSIGNMENT OF ERROR

{¶ 9} Appellant assigns the following as trial court error:

> The trial court erred to the prejudice of the appellant when it ordered restitution without determining his ability to pay as required by law and when appellant clearly did not have a present or future ability to pay.

## III.  STANDARD OF REVIEW

{¶ 10} As recently set forth in *State v. Allen*, 10th Dist. No. 17AP-296, 2018-Ohio-1529, ¶ 11, generally:

> A sentencing court has discretion to order restitution for the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.  *State v. Lalain*, 136 Ohio St. 3d 248, 2013-Ohio-3093, ¶ 3, 994 N.E.2d 423.  On review of a trial court's imposition of restitution as part of a felony sentence, we apply the standard set forth in R.C. 2953.08(G)(2)(b),[1] inquiring whether the imposition of restitution is clearly and convincingly contrary to law.  *State v. Richmond*, 10th Dist. No. 17AP-366, 2018-Ohio-147, ¶ 8; *State v. Thornton*, 1st Dist. No. C-160501, 2017-Ohio-4037, ¶ 12, 91 N.E.3d 359; *State v. Brown*, 2d Dist. No. 26945, 2017-Ohio-9225, ¶ 25, 103 N.E.3d 305.

*Id.  State v. Collins*, 12th Dist. No. CA2014-11-135, 2015-Ohio-3710, ¶ 29-31 (concluding where a felony is involved, the proper standard of review of restitution orders is whether the sentence complies with R.C. 2953.08(G)(2)(b)); *State v. Becraft*, 2d Dist. No. 2016-CA-9, 2017-Ohio-1464, ¶ 17-18, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 7, 10 (determining that "instead of applying an abuse of discretion standard, as [the court] ha[d] previously done in restitution cases prior to *Marcum*, the proper standard of review for analyzing the imposition of restitution as a part of a felony sentence is whether it complies with R.C. 2953.08(G)(2)(b), i.e., whether it is clearly and convincingly contrary to law").  *See also State v. Hayes*, 10th Dist. No. 08AP-233, 2009-Ohio-1100, ¶ 13-17 (reviewing issue of the ability to pay restitution issue in felony case under "contrary to law" standard).

---

[1] R.C. 2953.08(G)(2) states in pertinent part:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> * * *
>
> (b) That the sentence is otherwise contrary to law.

## IV. LEGAL ANALYSIS

### A. Appellant's Assignment of Error

{¶ 11} In his assignment of error, appellant contends he did not have the present or future ability to pay restitution, and the trial court did not determine his ability to pay restitution as required by law. For the following reasons, we disagree.

{¶ 12} R.C. 2929.18(A) authorizes a trial court imposing a sentence for a felony conviction to sentence the offender to a financial sanction or combination of financial sanctions authorized by law, including restitution. R.C. 2929.18(A)(1). Generally, a sentencing court has discretion to order restitution for the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, ¶ 3. However, the trial court must comply with certain statutory requirements in doing so. *See generally* R.C. 2929.18(A)(1) and 2929.19(B)(5).

{¶ 13} For example, pertinent to this case, before imposing restitution under R.C. 2929.18, "the court shall consider the offender's present and future ability to pay the amount of [restitution]." R.C. 2929.19(B)(5). "[W]hile a trial court may hold a hearing to determine if the defendant is able to pay the sanction, a hearing is not required by statute." *State v. Conway*, 10th Dist. No. 03AP-1120, 2004-Ohio-5067, ¶ 7.[2] "When determining a defendant's present and future ability to pay, there are no express factors which must be considered, or specific findings which must be made." *Id.*, citing *State v. Finkes*, 10th Dist. No. 01AP-310 (Mar. 28, 2002). "Nonetheless, there merely must be some evidence in the record the trial court considered defendant's present and future ability to pay the sanction" in order to meet the statutory requirement. *Conway* at ¶ 7; *State v. Allen*, 10th Dist. No. 17AP-341, 2018-Ohio-305, ¶ 19.

{¶ 14} Where the record does not contain any evidence that the trial court considered the defendant's present or future ability to pay restitution, this court has found that portion of the trial court's sentence to be contrary to law. *Hayes* at ¶ 17 (finding no evidence showed the trial court considered the felony offender's ability to pay restitution

---

[2] Pursuant to R.C. 2929.18(A)(1), "[a] trial court is required to conduct a hearing on restitution only if the offender, victim, or survivor disputes the amount of restitution ordered." *Lalain* at paragraph two of the syllabus.

where the offender did not provide information regarding her financial condition or employment to the trial court, and the trial court did not have a PSI, did not question the offender, and did not indicate in the judgment entry that it considered the offender's ability to pay).

{¶ 15} Conversely, as evidence the trial court did consider the defendant's present or future ability to pay restitution, pursuant to R.C. 2929.19(B)(5), this court has repeatedly pointed to the presence of a PSI, a judgment entry with language indicating the trial court considered the defendant's ability to pay, and/or statements made by the trial court and the defendant regarding employment or financial status. *Conway* at ¶ 9-12 (noting when a trial court considers a PSI, compliance with R.C. 2929.19(B)(5)[3] is presumed); *State v. Thompson*, 10th Dist. No. 10AP-1004, 2011-Ohio-5169, ¶ 40 (finding that "[f]irst and foremost," the trial court expressly stated that it considered the defendant's present and future ability to pay its judgment entry and also noting trial court considered a PSI, which includes "information about [the defendant's] age, health, education, home ownership, and work history").

{¶ 16} Appellant first argues that the trial court did not give proper consideration to his present and future ability to pay restitution as mandated by statute. Appellant points to this court's language in *State v. Wiley*, 10th Dist. No. 16AP-686, 2017-Ohio-2744, ¶ 20, for the proposition that language in the trial court's judgment entry indicating it had considered ability to pay is not sufficient to show the trial court "has given full consideration to the matter." (Appellant's Brief at 4.) In *Wiley*, we stated that under R.C. 2929.19(B)(5) and *Conway*:

> While the trial court stated in its judgment entry that, "[t]he Court has considered the Defendant's present and future ability to pay a fine and financial sanction, pursuant to R.C. 2929.18," it made no express consideration of the issue or finding on the record to this end. (Jgmt. Entry at 2.) Regardless of what restitution amount may be ordered, even under the simple admonition in Conway, some genuine consideration of ability to pay must occur. *Id.*

*Wiley* at ¶ 20.

---

[3] *Conway* cited to former R.C. 2929.19(B)(6), now R.C. 2929.19(B)(5).

{¶ 17} We first note the language cited by appellant is dicta, since *Wiley* at ¶ 21-22 found the assignment of error regarding ability to pay restitution moot based on its resolution of another assignment of error. Regardless, this is not a case where a trial court's judgment entry language stands as the lone evidence the trial court considered appellant's ability to pay.

{¶ 18} Here, the record shows the issue of appellant's ability to pay was squarely before the trial court. Appellant filed a motion prior to the sentencing hearing regarding his ability to pay, at the hearing the trial court provided appellant and his counsel the opportunity to speak on the issue, and appellant and his counsel testified regarding his alleged medical problems and ability to be employed. The trial court asked appellant about his ability to obtain and maintain employment. The trial court had the benefit of a PSI, which contained pertinent information about appellant's age, health, education, home ownership, and work history. As stated in *Conway* at ¶ 10 and *Thompson* at ¶ 40, when a trial court considers a PSI, compliance with R.C. 2929.19(B)(5) is presumed. In its judgment entry, the trial court expressly stated that it considered appellant's present and future ability to pay a financial sanction pursuant to R.C. 2929.18. On review, we conclude the record contains sufficient evidence that the trial court considered appellant's present and future ability to pay restitution to comply with its statutory duty under R.C. 2929.19(B)(5). *Conway* at ¶ 7.

{¶ 19} Appellant next argues that even if the trial court gave proper consideration to his ability to pay, its conclusion was incorrect because appellant's medical conditions preclude him from obtaining employment, and, therefore, appellant had no realistic ability presently or in the future to pay restitution.

{¶ 20} We first note appellant's argument that he had no realistic ability presently or in the future to pay restitution is undermined by evidence in the record. Appellant was not sentenced to jail, and the PSI includes some information that challenges appellant's contention that he cannot work in some manner. While appellant's counsel presented letters from appellant's doctors to the trial court, the trial court apparently did not consider them dispositive to appellant's medical state, telling appellant he would consider a further motion and evidence verifying the medical conditions. Appellant apparently did not provide any further information to the trial court.

{¶ 21} Regardless, appellant essentially argues, without citation to authority, that his alleged inability to pay should have limited or precluded the award of restitution. However, the pertinent statutes only require the trial court to "consider" the offender's present and future ability to pay the amount of sanction or fine and limit the amount of restitution to the "economic loss suffered by the victim as a direct and proximate result of the commission of the offense." R.C. 2929.19(B)(5); R.C. 2929.18(A)(1). No statute expressly limits the award of restitution to the offender's ability to pay. *Thompson* at ¶ 40, citing *State v. Kruger*, 2d Dist. No. 2005-CA-19, 2006-Ohio-2361, ¶ 49 (nothing in R.C. 2929.18 limits an order of restitution by the offender's ability to pay); *State v. Collier*, 184 Ohio App.3d 247, 2009-Ohio-4652, ¶ 13 (10th Dist.); *Conway* at ¶ 6 (a defendant's indigency does not preclude the imposition of a financial sanction). As such, appellant has not met his burden in demonstrating error on appeal in this regard. App.R. 16(A)(7); *State v. Sims*, 10th Dist. No. 14AP-1025, 2016-Ohio-4763, ¶ 11 (stating general rule that an appellant bears the burden of affirmatively demonstrating error on appeal).

{¶ 22} Overall, under *Conway* at ¶ 7 and its progeny, sufficient evidence in the record shows the trial court considered appellant's present and future ability to pay the sanction under R.C. 2929.19(B)(5). On this record, the trial court's order was not clearly and convincingly contrary to law. Therefore, considering all the above, appellant's assignment of error lacks merit.

{¶ 23} Accordingly, we overrule appellant's assignment of error.

## V. CONCLUSION

{¶ 24} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and KLATT, JJ., concur.

_____