[Cite as *State v. Spanks*, 2019-Ohio-678.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 17AP-642 |
| | | (C.P.C. No. 16CR-5233) |
| Kynetha Spanks, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 26, 2019

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Valerie Swanson*, for appellee. **Argued:** *Valerie Swanson.*

**On brief:** *Yeura R. Venters,* Public Defender, and *Robert D. Essex*, for appellant. **Argued:** *Robert D. Essex.*

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, Kynetha Spanks, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas pursuant to her plea of guilty to one count of arson, a violation of R.C. 2909.03.

{¶ 2} The indictment in the case stated that appellant set fire to her deceased grandfather's vacant home at 691 Berkeley Road in Columbus. Appellant suffers from mental illness, has been evaluated with a low IQ, and has a history of drug use. She admitted to investigators that, while intoxicated, she walked by the house and believed that she saw her grandfather, who allegedly abused her sexually when she was an adolescent, waving to her from the front window. Appellant then threw two bricks through the front window, took the mail from the mailbox and set fire to it, and threw the burning mail through the broken window. Appellant then saw flames coming from the front of the house.

{¶ 3}   Appellant first underwent an evaluation to determine her competency to stand trial. The report found her competent despite her history of mental illness and low intellect. Appellant then entered a guilty plea to one count of arson and the court ordered a presentence investigation ("PSI").

{¶ 4}   The court sentenced appellant to an 18-month suspended sentence, 30 months community control, and a supervised mental health plan. The court also ordered appellant to pay restitution in the amount of $16,300 to the estate of her grandfather, Clinton Spanks.

{¶ 5}   Appellant has timely appealed and brings the following two assignments of error:

> [I.] The trial court erred in ordering restitution of $16,300 without any evidence in the record establishing the basis for that amount.
>
> [II.] The trial court erred to the prejudice of the appellant when it ordered restitution without determining her ability to pay as required by law.

{¶ 6}   Appellant's first assignment of error asserts that the trial court awarded restitution in an amount not supported by any evidence in the record. At sentencing, appellant's counsel objected to restitution because there was no evidence that an estate for appellant's deceased grandfather actually existed:

> Well, a couple of things I'd like to address starting with restitution. I don't think it's ever been established—I don't know if Mr. Edwards would know if he were here today. I certainly do not know whether or not there is an actual estate for the decedent in the case. And I say decedent in the sense that, yes, her grandfather died a number of years ago. And the house, I believe, was vacant at the time of sentencing (sic) and it had been vacant for a number of years. So in terms of restitution to an estate that an estate being an actual legal entity, but if it doesn't exist, if there is no estate, then where does the money go in terms of—I'm not sure—I'm not sure how that sort of works out particularly speaking, if that makes sense. So I'm a little concerned about that. I understand, yes, the house was totaled. We—we appreciate that. My client was interviewed by the fire investigators and did admit to setting the fire. She was obviously seen by a witness at the time of the

> incident. That's how they located her. So I'm not sure how the restitution is going to work out.

(Aug. 11, 2017 Tr. at 3-4.)

{¶ 7} Later at the hearing, defense counsel noted a continuing objection to restitution on this basis: "please note my objection to the restitution for the reasons stated regarding this estate that doesn't actually exist." (Tr. at 10.) With respect to the amount of restitution, counsel did not dispute this beyond appellant's inability to pay: "But even though my client—if you see the PSI, her indigency is just overwhelming. And I'm not sure how she would even pay the restitution, quite frankly." (Tr. at 4.)

{¶ 8} Appellant argues that the trial court had no evidence before it, other than a bare statement by the prosecution, regarding the actual damage to the home. The sentencing court has discretion to order restitution for economic loss suffered as a direct and proximate result of the commission of the offense for which the defendant is convicted. *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093. In reviewing the trial court's imposition of restitution as part of a felony sentence, we apply the standard found in R.C. 2953.08(G)(2)(b), and inquire whether the imposition of restitution is clearly and convincingly contrary to law. *State v. Richmond*, 10th Dist. No. 17AP-366, 2018-Ohio-147, ¶ 8.

{¶ 9} R.C. 2929.18(A)(1) provides that a court may impose restitution as follows:

> If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount.

{¶ 10} The statute therefore makes an evidentiary hearing a requirement only once the defendant disputes the amount of restitution ordered. *Lalain* at paragraph two of the syllabus; *State v. Jones*, 10th Dist. No. 14AP-80, 2014-Ohio-3740, ¶ 26. Moreover, the term "evidence" required to support restitution is not limited to sworn testimony or

authenticated documents. In *State v. Aliane*, 10th Dist. No. 03AP-840, 2004-Ohio-3730, ¶ 17, we stated that a trial court may consider a PSI when ordering restitution, and only when the defendant objected to the amount ordered did the court commit reversible error by failing to comply with the hearing requirements of R.C. 2929.18. Because the restitution order may be based on "information," R.C. 2929.18(A)(1), and *Lalain,* paragraph one of the syllabus, the prosecution's unobjected to and unopposed statements regarding the amount of damage to the vacant house was sufficient for the trial court to award restitution in the present case. Moreover, defense counsel here did acknowledge that the house was a total loss due to the fire. (Aug. 11, 2017 Tr. at 3.) Far from contravening the prosecution's statement regarding the amount of loss, this corroborates it. We accordingly find no error on the part of the trial court in determining the amount of restitution, and overrule appellant's first assignment of error.

{¶ 11} Appellant's second assignment of error asserts that the trial court did not consider appellant's ability to pay before ordering restitution. R.C. 2929.19(B)(5) states that the court shall "consider the offender's present and future ability to pay" when imposing a financial sanction. "Ohio courts have expressly held the fact that defendant is indigent does not prohibit the imposition of financial sanctions, including restitution." *State v. Conway*, 10th Dist. No. 03AP-1120, 2004-Ohio-5067, ¶ 6. Here, the court explained that it was waiving fines and costs based on appellant's financial condition. The court heard defense counsel state "I'm not sure how she would even pay the restitution quite frankly." (Tr. at 3-4.)

> When determining a defendant's present and future ability to pay, there are no express factors which must be considered, or specific findings which must be made. *State v. Finkes* (March 28, 2002), Franklin App. No. 01AP-310, 2002-Ohio-1439. Further, while a trial court may hold a hearing to determine if the defendant is able to pay the sanction, a hearing is not required by statute. Nonetheless, there merely must be some evidence in the record the trial court considered defendant's present and future ability to pay the sanction. *State v. Fuller*, Lucas App. No. L-02-1387, 2004-Ohio-2675, at ¶ 8.

*Conway* at ¶ 7; *see also State v. Wiley*, 10th Dist. No. 16AP-686, 2017-Ohio-2744, ¶ 20; *State v. Anderson*, 10th Dist. No. 18AP-103, 2018-Ohio-4618, ¶ 13.

{¶ 12} The PSI in the present case indicated that appellant had recently lost her social security disability benefits, had no assets, and had previously received $200 per month in food stamps.

{¶ 13} Appellant points out that the court noted appellant's indigency on the sentencing worksheet, waived fines and costs, and waived the arson registry fee. Appellant argues that, in the absence of any evidence of ability to pay, imposition of restitution in the amount ordered was an abuse of discretion.

{¶ 14} The record supports the trial court's full consideration of appellant's financial condition for ordering restitution. The fact that the court mitigated the award by excluding fines and other financial sanctions does not mandate a conclusion that the court could not award restitution. There is "some evidence in the record the trial court considered defendant's present and future ability to pay the sanction." *Conway* at ¶ 7, citing *State v. Fuller*, 6th Dist. No. L-02-1387, 2004-Ohio-2675, ¶ 8. "Appellant * * * argues that as an indigent defendant the trial court cannot impose restitution until it is established the defendant can pay the ordered amount. Upon consideration, we disagree. To the contrary, Ohio courts have expressly held the fact a defendant is indigent does not prohibit the imposition of financial sanctions, including restitution." *Conway* at ¶ 6, citing *State v. Cooper*, 11th Dist. No. 2002-L-091, 2004-Ohio-529, ¶ 16; *State v. Moore*, 12th Dist. No. CA2002-12-307, 2003-Ohio-6255, ¶ 37; and *State v. Coleman*, 8th Dist. No. 82394, 2004-Ohio-2234, ¶ 35.

{¶ 15} Because the trial court considered appellant's present and future ability to pay, and appellant's current indigence is not a bar to the imposition of restitution, we overrule appellant's second assignment of error.

{¶ 16} In conclusion, having overruled appellant's first and second assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas. Appellee's pending motion to have the appeal dismissed because appellant was declared an absconder by the trial court is denied as moot.

*Judgment affirmed; motion to dismiss denied.*

SADLER and BRUNNER, JJ., concur.

———————————